UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ABDULLAH M. AL-RAYES, et al.,

        Plaintiffs,

v.                                     CASE NO. 3:15-cv-107-J-34JBT

ERIKA M. WILLINGHAM, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant Erika M. Willingham's

("Defendant") Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC") With

Prejudice ("Motion") (Doc. 51), Plaintiffs' Amended Response thereto (Doc. 57), and

Defendant's Reply (Doc. 71). The Motion was referred to the undersigned for a

report and recommendation regarding an appropriate resolution. (Doc. 74.) For the

reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the

Motion be **GRANTED in part** and **DENIED in part**, that the SAC (Doc. 50) be

**DISMISSED without prejudice** for failure to comply with Federal Rule of Civil

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Procedure 8, and that Plaintiffs be given twenty days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith.

## I.   Background

According to the SAC, Defendant's husband, Ben Willingham, and his related corporate entities defrauded Plaintiffs of $25,707,605 in the 1990s in connection with the purchase and management of several commercial properties.  (Doc. 50 at 6–9.) On April 20, 2006, Plaintiffs filed suit against Mr. Willingham and others in this Court to recover for those losses.  (*Id.* at 10–11.)  On March 15, 2007, a consent judgment was entered in that case in favor of Plaintiffs and against Mr. Willingham and a related corporate entity, jointly and severally, in the amount of $25,707,605 ("Judgment").  (*Id.*)   On February 17, 2011, Mr. Willingham filed a chapter 7 bankruptcy case in the Bankruptcy Court for the Middle District of Florida.  (*Id.* at 18.) The Judgment was deemed non-dischargeable.  (*Id.* at 33.)  In attempting to execute on the Judgment, Plaintiffs have been obtaining information regarding Defendant and Mr. Willingham's finances since 2008.  (*Id.* at 13–42.)

Prior to the close of the bankruptcy case, Plaintiffs filed the instant action on January 30, 2015 against Defendant, individually and as trustee of the Erika M. Willingham trust, and John Does 1–10 ("Doe Defendants").  (*Id.* at 36.)  Plaintiffs attempt to allege the following nine causes of action: 1) Federal RICO - 18 U.S.C. § 1962(c) (against Defendant and the Doe Defendants); 2) Federal RICO Conspiracy - 18 U.S.C. § 1962(d) (against Defendant and the Doe Defendants); 3)

Florida RICO - Fla. Stat. § 895, *et seq.* (against Defendant and the Doe Defendants); 4) Fraud (against Defendant); 5) Fraudulent Concealment (against Defendant); 6) Negligent Misrepresentation (against Defendant); 7) Civil Conspiracy (against Defendant and the Doe Defendants); 8) Violation of Fla. Stat. § 726.105(1)(a) (Uniform Fraudulent Transfer Act) (against Defendant); and 9) Aiding and Abetting Violation of Fla. Stat. § 726.105(1)(a) (against Defendant).  (Doc. 50 at 42–65.)

In support of these claims, Plaintiffs allege generally that Mr. Willingham, Defendant, and the Doe Defendants have participated in a fraudulent scheme since 1994 whereby Mr. Willingham's funds were concealed and funneled through Defendant's various bank accounts, then subsequently laundered in a number of ways in order to prevent Plaintiffs from recovering the money stolen from them and/or collecting on the Judgment.  (*Id.* at 1–4.)  Plaintiffs' specific allegations rely primarily on information learned from, and alleged misrepresentations made by, Defendant and Mr. Willingham in connection with Plaintiffs' attempts to collect on the Judgment beginning in 2008.  (*See id.* at 13–42.)

In the Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant argues that the SAC should be dismissed with prejudice because Plaintiffs' claims "have been fully and finally released through a bankruptcy court approved, negotiated settlement," the "claims are either time-barred or extinguished by the applicable statutes of limitations or repose," and Plaintiffs "have utterly failed to meet the applicable pleading standard for stating a claim upon which

3

relief may be granted in each count of the [SAC]" pursuant to Federal Rules of Civil Procedure 8 and 9.  (Doc. 51 at 1–2, 25.)  Alternatively, Defendant requests that Plaintiffs be required to file a more definite statement.  (*Id.* at 2, 25.)

## II.    Standard

Under Rule 12(b)(6), the Court must determine whether the SAC sets forth sufficient factual allegations to establish a claim upon which relief can be granted. In evaluating whether Plaintiffs have stated a claim, the Court must determine whether the SAC satisfies Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  *Id.*  Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are

4

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260. Although the Court must accept well-pled facts as true, it is not required to accept Plaintiffs' legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, a court is "not required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

III.   **Analysis**

As explained further below, the undersigned recommends that the SAC be dismissed without prejudice in its entirety because it is an unwieldy, prolix, shotgun

pleading that fails to comply with Federal Rule of Civil Procedure 8.[2]  Specifically, the SAC is not "a short and plain statement of the claim showing that the pleader is entitled to relief," nor does it contain "simple, concise, and direct" allegations as required.   *See* Fed. R. Civ. P. 8(a)(2) & (d)(1).   Additionally, the undersigned recommends that the temporal scope of any amended complaint should be tailored to the specific allegations set forth therein, and that any amended complaint should either identify and name the Doe Defendants or drop them as parties.

## A.    The SAC is an Unwieldy, Prolix, Shotgun Pleading

In the SAC, Plaintiffs purport to allege a complex scheme executed by multiple persons and/or entities spanning over more than two decades.  (*See* Doc. 50.) However, as explained further below, the SAC contains no sufficient allegations to support any claim prior to approximately 2006–2008.[3]  Moreover, the SAC is devoid of any specific, non-conclusory allegations regarding the Doe Defendants.  Thus, even if the SAC complied with Rule 8, it appears that Plaintiffs may be able to allege at most one or more claims against Defendant based on her and Mr. Willingham's attempts to avoid collection of the Judgment entered in 2007.  Therefore, although

---

[2] Because the undersigned recommends that the SAC fails to comply with the threshold requirements of Rule 8, the undersigned does not address the more stringent requirements of Federal Rule of Civil Procedure 9(b) or the specific RICO pleading standard.

[3] As set forth above, Plaintiffs brought an action against Mr. Willingham in 2006, the Judgment was entered in 2007, and the alleged misrepresentations underpinning Plaintiffs' claims began in 2008.

Plaintiffs attempt to bring nine causes of action, including RICO claims, the lengthy, repetitive, and confusing nature of the SAC is unnecessary and improper in light of the relatively simple non-conclusory factual allegations therein.

As the Eleventh Circuit recently stated, "[i]n pleading, as in many aspects of life, quality matters more than quantity." *Lawrie v. Ginn Dev. Co., LLC*, Case No. 14-14758, 2016 WL 4036381, at *1 (11th Cir. July 28, 2016).[4]   The undersigned recommends that the SAC must be streamlined significantly in order to comply with Rule 8.

The 66-page SAC does not reach the first of its nine counts until page 42. (Doc. 50 at 42.)  The preceding 41 pages, or 202 paragraphs, are then incorporated by reference into each of the nine counts.  (*Id.* at 42, 49, 51–52, 54, 58, 62–63, 65.) Each count then alleges certain facts specific to that count, most of which appear to be repeated from the 202 paragraphs already incorporated by reference.  (*See id.* at 42–65.)  The individual counts do not seek any specific relief.  (*See id.*)  Rather, the SAC contains a single prayer for relief that requests at least nine different types of relief which are not tied to any specific claim or defendant.  (*See id.* at 65–66.)  In short, the SAC begins by reciting a laundry list of detailed allegations of misconduct, then brings numerous claims based on all of these allegations collectively, and

---

[4] Although the undersigned does not rely on unpublished opinions as binding precedent, they may be cited throughout this Report and Recommendation as persuasive authority on a particular point.  Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

concludes by seeking numerous types of relief, all without sufficiently tying specific allegations to specific claims that request specific relief.

Based on this method of pleading, the undersigned recommends that the SAC is a shotgun pleading because "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). By incorporating all of the initial 202 paragraphs into each count, the SAC incorporates irrelevant allegations into many of the counts, particularly those counts brought against only Defendant. These counts, which appear to be based on Defendant's conduct alone and do not necessarily depend on the alleged scheme between her and Mr. Willingham, incorporate by reference numerous facts pertaining only to the conduct of Mr. Willingham. (*See* Doc. 50 at 52–61, 63–65.)

For example, in support of their fraud claim against Defendant, Plaintiffs appear to rely only on Defendant's alleged misrepresentations and/or omissions at her 2008 and 2011 depositions. (*Id.* at 52–54.) However, the fraud claim incorporates by reference, among other things, allegations regarding Mr. Willingham's relationship and business deals with Plaintiffs in the 1990s, other unrelated lawsuits against Mr. Willingham in the 1990s, the 2006 lawsuit between Plaintiffs and Mr. Willingham, and Mr. Willingham's testimony in multiple depositions and in a bankruptcy hearing. (*Id.* at 6–11, 14–15, 17–18, 21–32.) These allegations regarding Mr. Willingham's conduct appear to be irrelevant to the fraud claim against

8

Defendant.  Similarly, all of the remaining claims brought against only Defendant appear to incorporate at least some irrelevant facts.  (*See id.* at 54–61, 63–65.)

Additionally,  in  an attempt to highlight the facts relevant to each count, Plaintiffs largely repeat certain facts already incorporated by reference into each count.  (*See id.* at 42–65.)  This unnecessary repetition significantly lengthens the SAC and makes it difficult to parse.  Moreover, this pleading method is confusing. Although it appears that Plaintiffs are relying primarily on the facts actually repeated in each count, the additional incorporation by reference of all introductory facts into each count suggests that Plaintiffs may also be relying on other potentially relevant facts dispersed among the 202 initial paragraphs which are not repeated.[5]  This leaves "the Court with the 'onerous' task of sifting through the unwieldy introduction in search of the allegations which support each cause of action against each Defendant."  *See Lawrie v. The Ginn Cos., LLC*, Case No. 3:09-cv-446-J-32JBT, 2010 WL 3746725, at *3 n.12 (M.D. Fla. Sept. 21, 2010) (dismissing the complaint and requiring it to be "repleaded in a more concise, coherent, and orderly fashion"). Therefore, even if some counts do not contain irrelevant facts, the undersigned recommends that this lengthy, repetitive, and confusing method of pleading is

---

[5] For example, it appears that most of the facts alleged in the initial 202 paragraphs may be relevant to the federal RICO claim.  However, that count contains "only" 26 paragraphs of repeated facts.  (*See* Doc. 50 at 42–49.)  Thus, the facts on which Plaintiffs are actually relying in this count remain unclear.

improper and requires dismissal of all claims without prejudice.[6]  *See Hollywood E. Artful Designs, Inc. v. Gutentag*, Case No. 07-60763-CIV, 2007 WL 2113606, at *1 (S.D. Fla. July 23, 2007) (dismissing a complaint pursuant to Rule 8(a) for being "unduly repetitive" where "Defendants assert[ed] that the length of the Complaint, the wholesale incorporation of 68 general allegation paragraphs, on top of the repetitive nature of dozens of paragraphs contained within each count, violate[d] the notice pleading standard of Rule 8").

Additionally, the SAC improperly fails to tie the relief sought, some of which is sought in the alternative to other relief, to specific counts and defendants.  In the "Wherefore" paragraph, at the very end of the SAC, Plaintiffs seek, among other things: to avoid certain fraudulent transfers; to levy execution against Defendant and and/or Mr. Willingham's assets and/or certain real property; damages corresponding to various amounts paid for real property; a constructive trust for the benefit of Plaintiffs; compensatory and treble damages; attorneys' fees; interest; and costs. (Doc. 50 at 65–66.)  However, the counts themselves are silent regarding the relief sought.  (*See id.* at 42–65.)  In light of the numerous types of alternative relief

---

[6] Although at least some of Plaintiffs' claims must meet the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), "Rule 9(b)'s particularity requirement does not mandate unwieldy, prolix complaints; rather, it requires that the *elements of fraud* be pled specifically as against each defendant."  *See Lawrie*, 2010 WL 3746725, at *4 n.18 (noting that any well-pled allegations of fraud were "awash in a sea of conclusory allegations and unnecessary factual enhancement").  The amount of detail in the SAC contributes significantly to its unwieldy and prolix nature.  In addition to eliminating repetition, any amended complaint should also eliminate any details not necessary to establish an essential element of a specific claim.

sought, Plaintiffs must specify which relief is sought for each count.

For all of the aforementioned reasons, the undersigned recommends that the SAC be dismissed without prejudice in its entirety for failure to comply with Rule 8.[7] The undersigned further recommends that the Court need not address Defendant's additional arguments at this time, but that the following guidance be provided regarding any amended complaint.

## B.    Temporal Scope

The undersigned recommends that the temporal scope of any amended complaint should be tailored to the specific allegations set forth therein.  As noted above, the specific allegations in the SAC do not appear to support the existence of a complex fraudulent scheme between numerous persons and/or entities lasting over twenty years.  The vast majority of the SAC focuses on the time period from 2008 to present.[8]  The allegations regarding an earlier time period mostly describe the nature of Plaintiffs' business deals with Mr. Willingham in the 1990s, other similar lawsuits filed against Mr. Willingham in the 1990s, and the 2006 lawsuit filed by

---

[7] This is not a mere technicality.  The pleading deficiencies in the SAC make it difficult to address the substantive issues raised in the Motion.  Failure to cure pleading defects can result in dismissal of an entire action with prejudice.  *See, e.g.*, *Lawrie*, 2016 WL 4036381, at *1–9.  Plaintiffs are cautioned that significant changes to both the content and structure of the SAC may be necessary to satisfy the subject pleading requirements.  Slight technical changes, such as incorporating by reference fewer introductory facts into each count and/or eliminating repetition, will likely be insufficient.  Plaintiffs are also reminded that their prior Amended Complaint (Doc. 12) was stricken without prejudice because it was an improper shotgun pleading.  (Doc. 47 at 10–11.)

[8] Of the 42 pages and 202 introductory paragraphs in the SAC, only approximately 8 pages, or 22 paragraphs, relate to a time period prior to 2008.  (Doc. 50 at 6–13.)

Plaintiffs against Mr. Willingham resulting in entry of the Judgment.[9]  The remainder of the SAC details the actions of Defendant and Mr. Willingham, beginning in approximately 2008, that Plaintiffs allege support their claims.  (Doc. 50 at 13–42.) In short, despite the complexity with which Plaintiffs plead their claims, it appears based on the non-conclusory allegations in the SAC that the crux of this action is that Defendant and Mr. Willingham have, since approximately 2006–2008, allegedly transferred and laundered funds between one another in an effort to avoid collection of the Judgment entered in 2007.

In support of their RICO claims, Plaintiffs rely on the predicate acts of mail and wire fraud, which generally require an "intentional participation in a scheme to defraud" and "the use of the interstate mails or wires in furtherance of that scheme." *U.S. v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009).  "A scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property."  *Id.*

Plaintiffs allege in conclusory terms that the fraudulent scheme began as early as 1994, "when [Defendant] and [Mr. Willingham] first realized that Plaintiffs would have a claim against [Mr. Willingham] and his related entities . . . as a result of the funds stolen from Plaintiffs."  (Doc. 50 at 11.)  However, the SAC contains almost no non-conclusory allegations regarding Defendant prior to 2008, and it references no

---

[9] Although perhaps informative, many of these allegations appear to have little, if any, relevance to the specific claims asserted in this action.  Therefore, they are at best unnecessary and cumbersome, and at worst improper.

sufficient misrepresentations or omissions by Defendant prior to that date. (*Id.* at 6–13.) Therefore, Plaintiffs have failed to set forth sufficient facts to plausibly allege that any statements or transactions prior to approximately 2006–2008 would fall within the alleged scheme to defraud. In short, Plaintiffs cannot rely on misrepresentations beginning in 2008 to support their claim that the alleged fraudulent scheme began in 1994.

Additionally, regarding damages, Plaintiffs attempt to support the temporal scope of the SAC by alleging that, in addition to not being able to collect on the Judgment since 2007, they have not been able to recover the money that was stolen from them since 1994. (*See, e.g.*, *id.* at 13.) However, the allegedly stolen money is the basis for the Judgment in the same amount. (*Id.* at 10–11.) The SAC contains no sufficient allegations that Plaintiffs had a legal right to recover any money prior to entry of the Judgment in 2007, nor does it allege that they attempted to do so. In short, Plaintiffs have failed to sufficiently allege any damages prior to entry of the Judgment in 2007.[10]

## C.    Doe Defendants

The undersigned also recommends that any amended complaint should either

---

[10] Additionally, regarding the RICO claims, "courts should scrutinize proximate causation at the pleading stage and carefully evaluate whether the injury pled was proximately caused by the claimed RICO violations." *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1287 (11th Cir. 2006) (per curiam). Although the undersigned need not make a recommendation regarding proximate causation at this time, for the reasons set forth above, it appears that Plaintiffs have failed to sufficiently allege that their injuries were proximately caused by an alleged RICO violation prior to approximately 2006–2008 because the Judgment was not entered until 2007.

13

identify and name the Doe Defendants or drop them as parties.   "As a general matter, fictitious-party pleading is not permitted in federal court."  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).   However, the Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage."  *Id.*

Aside from a small number of entirely conclusory allegations that "others" were involved in the alleged fraudulent scheme (*see, e.g.*, Doc. 50 at 1), Plaintiffs fail to allege any facts or descriptions regarding the Doe Defendants.   It appears that discovery began in this action on May 21, 2015.  (Doc. 19 at 2.)  Despite having now had over one year of discovery, Plaintiffs have failed to identify and name the Doe Defendants.   In light of the foregoing, the undersigned recommends that any amended complaint must either identify and name the Doe Defendants or drop them as parties.

Accordingly, it is respectfully **RECOMMENDED** that:

1.     The Motion (**Doc. 51**) be **GRANTED in part** and **DENIED in part** as stated herein.

2.     The SAC (**Doc. 50**) be **DISMISSED without prejudice**.

3.     Plaintiffs be given twenty days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith, and Defendant be given fourteen days from such filing to respond to it.

14

**DONE AND ENTERED** at Jacksonville, Florida, on August 15, 2016.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

15