UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ABDULLAH M. AL-RAYES, et al.,

    Plaintiffs,

v.                                  CASE NO. 3:15-cv-107-J-34JBT

ERIKA M. WILLINGHAM, etc.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant Erika M. Willingham's Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC") With Prejudice ("Motion") (Doc. 106) and Plaintiffs' Response thereto (Doc. 116). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 132.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**.[2]

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] As explained further herein, the undersigned recommends that Defendant's substantive arguments raised in the Motion be addressed at the summary judgment stage. Thus, the undersigned recommends only that the TAC contains sufficient allegations to allow the case to proceed to the next stage.

## I. Summary of Recommendation

Defendant argues primarily that the TAC should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) because all of Plaintiffs' claims are barred by: 1) a settlement in a prior bankruptcy case; 2) res judicata; and 3) the applicable statutes of limitations and repose (collectively "Substantive Arguments"). (Doc. 106 at 11–20, 23–24.) Defendant also argues that the TAC fails to meet the pleading requirements of Federal Rule of Civil Procedure 9(b) because the misrepresentations and/or omissions and fraudulent transfers alleged in the TAC are not pled with the required particularity ("Pleading Argument"). (*Id.* at 21–22.) Defendant has also filed a pending Motion for Summary Judgment (Doc. 128), which raises the same Substantive Arguments, as well as one additional argument. (*Id.*)

The undersigned recommends that all counts of the TAC meet the pleading requirements of Rule 9(b) because all alleged misrepresentations and/or omissions and fraudulent transfers are pled with the required particularity. Additionally, the undersigned recommends that the Court address the Substantive Arguments in the context of the pending Motion for Summary Judgment. Therefore, the undersigned recommends that the Motion be denied.

## II. Background

According to the TAC, Defendant's husband, Ben Willingham, and his related corporate entities defrauded Plaintiffs of $25,707,605 in the 1990s in connection with the purchase and management of several commercial properties. (Doc. 103 at 5.)

On April 20, 2006, Plaintiffs filed suit against Mr. Willingham and others in this Court to recover for those losses. (*Id.*) On March 15, 2007, a consent judgment was entered in that case in favor of Plaintiffs and against Mr. Willingham and a related corporate entity, jointly and severally, in the amount of $25,707,605 ("Judgment"). (*Id.*) On February 17, 2011, Mr. Willingham filed a chapter 7 bankruptcy case in the Bankruptcy Court for the Middle District of Florida ("Bankruptcy Case"). (*Id.* at 15.) The Judgment was deemed non-dischargeable. (*Id.* at 28.) In attempting to execute on the Judgment, Plaintiffs have been obtaining information regarding Defendant's and Mr. Willingham's finances since 2008. (*Id.* at 11–32.)

Prior to the close of the Bankruptcy Case, Plaintiffs filed the instant action on January 30, 2015 against Defendant, individually and as trustee of the Erika M. Willingham trust.[3] (*Id.* at 31.) Plaintiffs allege the following nine causes of action: 1) Federal RICO - 18 U.S.C. § 1962(c); 2) Federal RICO Conspiracy - 18 U.S.C. § 1962(d); 3) Florida RICO - Fla. Stat. § 895, *et seq.*; 4) Fraud; 5) Fraudulent Concealment; 6) Negligent Misrepresentation; 7) Civil Conspiracy; 8) Violation of Fla. Stat. § 726.105(1)(a) (Florida Uniform Fraudulent Transfer Act ("FUFTA")); and 9) Aiding and Abetting Violation of Fla. Stat. § 726.105(1)(a). (*Id.* at 33–56.) In support of these claims, Plaintiffs allege generally that Mr. Willingham and Defendant have participated in a fraudulent scheme since 1994 whereby Mr.

---

[3] Pursuant to the Court's prior Order dismissing without prejudice the Second Amended Complaint ("SAC"), Plaintiffs have now dropped the initially named Doe Defendants. (*See* Docs. 79 & 102.)

Willingham's funds were concealed and funneled through Defendant's various bank accounts, then subsequently laundered in a number of ways in order to prevent Plaintiffs from recovering the money stolen from them and/or collecting on the Judgment. (*Id.* at 1–3.)

**III.  Standard**

Under Rule 12(b)(6), the Court must determine whether the TAC sets forth sufficient factual allegations to establish a claim upon which relief can be granted. In evaluating whether Plaintiffs have stated a claim, the Court must determine whether the TAC satisfies Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

In addition to satisfying the Rule 8 requirements articulated by *Twombly* and *Iqbal*, a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).[4] This particularity requirement is required so as to "alert[ ] defendants to the precise misconduct with which they are charged and [to] protect[ ] defendants against spurious charges of immoral and fraudulent

---

[4] In accordance with Rule 9(b), "[w]hen a RICO claim is based on predicate acts involving fraud, those predicate acts must be pleaded with particularity[.]" *Liquidation Comm'n of Banco Intercontinental S.A. v. Renta*, 530 F.3d 1339, 1355 (11th Cir. 2008).

4

behavior." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006) (alterations in original, internal citation omitted).

IV. **Analysis**

A. **The Pleading Argument**

Defendant argues that the TAC fails to comply with the fraud pleading standard set forth in Rule 9(b), rendering all of Plaintiffs' claims deficient. (Doc. 106 at 21–22.) Although the Court previously dismissed the SAC based solely on pleading deficiencies under Rule 8 and expressed concerns regarding Plaintiffs' pleading practices (Docs. 79 & 102), Defendant does not argue that the TAC fails to cure the pleading deficiencies previously noted by the Court, or that the TAC fails to comply with Rule 8. In fact, Defendant spends only two pages of her 25-page Motion addressing the Pleading Argument, which focuses solely on Rule 9(b). Therefore, the undersigned addresses only whether the TAC complies with Rule 9(b).[5]

Defendant argues in conclusory terms that the TAC fails to identify her alleged misrepresentations and/or omissions and fraudulent transfers with the particularity required by Rule 9(b). (Doc. 106 at 21–22.) However, Defendant does not identify any specific allegations or categories of allegations that do not comply

---

[5] Nevertheless, it appears that the TAC substantially cures the deficiencies addressed in the Court's prior Order and otherwise complies with Rule 8. For example, the TAC is ten pages shorter than the SAC, it removes many irrelevant facts and needless repetition, it drops the Doe Defendants, it no longer incorporates irrelevant allegations into each count, and each count now requests specific relief. (*See* Docs. 50, 79, 102, 103.)

5

with Rule 9(b). Nor does Defendant cite any binding legal authority specifically addressing the pleading requirements of Rule 9(b) in the context of Plaintiffs' fraud-based claims or FUFTA claims.

Although it is not entirely clear from the Motion, it appears that Defendant seeks dismissal of Plaintiffs' fraud-based claims in Counts 1–7 based on a lack of particularity regarding the alleged misrepresentations and/or omissions, and seeks dismissal of Plaintiffs' FUFTA claims in Counts 8 and 9 based on a lack of particularity regarding the alleged fraudulent transfers. (*See id.*) For the reasons set forth below, the undersigned recommends that the alleged misrepresentations and/or omissions and transfers set forth in these counts have been pled with the particularity required by Rule 9(b).

### 1. Fraud-Based Claims (Counts 1–7)

To satisfy Rule 9(b), a complaint alleging fraud-based claims must set forth the following with respect to each allegation of fraud:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).[6]

---

[6] Plaintiffs do not argue that Rule 9(b) does not apply to all claims in Counts 1–7.
(continued...)

The TAC specifically alleges multiple categories of misrepresentations made by Defendant in various contexts in furtherance of the alleged scheme to defraud Plaintiffs. Each category is typically identified by date and the context in which the statements were made (e.g., during depositions, in documents, etc.), and specifically lists the alleged misrepresentations and/or omissions. For example, the TAC alleges that during her May 2008 deposition, Defendant falsely testified that:

> (a) [Mr. Willingham] managed all of their finances and she did not have any involvement with them; (b) she had no involvement in the decision(s) to transfer money from the Swiss Accounts to the USAA Accounts; (c) she had no knowledge of any wire transfers from the Swiss Accounts to the USAA Accounts; (d) she never transferred any inheritance money to the USAA Accounts; (e) she did not know from which Swiss Account the money that was transferred to the USAA Accounts originated; and (f) she had no knowledge of any bank account in Switzerland.

(Doc. 103 at 12–13.)

Defendant's additional misrepresentations and omissions alleged in the TAC, including those made at her deposition on December 8, 2011 and those made in the Amended Summary and Schedules filed in the Bankruptcy Case on August 8, 2012, are pled with a similar level of particularity. (*See, e.g., id.* at 16–17, 19–22.) Additionally, the TAC alleges that Plaintiffs did not know that the subject information was false at the time it was provided, and that "as a result of [Defendant's] and [Mr.

---

[6](...continued)
Thus, for purposes of this Report and Recommendation, the undersigned assumes, without recommending, that Rule 9(b) applies to all of these claims.

Willingham's] joint and coordinated fraudulent scheme, Plaintiffs have been unable to recover almost all of the $25,707,605.00 that was wrongfully taken by [Mr. Willingham] and his related entities and/or collect on their $25,707,605 Judgment." (*Id.* at 13, 17, 32.) Thus, the undersigned recommends that the misrepresentations and/or omissions alleged in Counts 1–7 are pled with the requisite particularity under Rule 9(b), especially in light of Defendant's failure to challenge any specific category of alleged misrepresentations.

## 2. FUFTA Claims (Counts 8 and 9)

Section 726.105, Florida Statutes, states in relevant part:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; . . . .

"There is a split within [the Eleventh] Circuit as to whether fraudulent transfer claims must be pled with the particularity required by Rule 9(b)." *See Oginsky v. Paragon Props. of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1369 (S.D. Fla. 2011). Assuming Rule 9(b) applies, it requires that Plaintiffs "have sufficiently pleaded with particularity the dates and amounts of the alleged transfers and other circumstances indicating actual intent to hinder, delay or defraud." *See Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co., L.L.C.*, Case No. 06-61055-CIV, 2007 WL

2826603, at *5 (S.D. Fla. Sept. 25, 2007).

The TAC alleges that Defendant participated in hundreds of fraudulent transfers involving multiple bank accounts and properties over a period of more than 20 years. (*See* Doc. 103 at 6–9.) In general, the subject transfers are addressed categorically. Each category typically describes in detail why the transfers are fraudulent and identifies the accounts and/or property involved, the total number of transfers, the total amounts transferred, the recipients, the dates or time frames of the transfers, and the specific circumstances surrounding the transfers. Thus, the undersigned recommends that Plaintiffs have sufficiently complied with Rule 9(b), assuming it even applies.

For example, regarding the "Fleet Landing Fraudulent Transfers," Plaintiffs allege that during the Bankruptcy Case, Defendant and Mr. Willingham entered into a contract to obtain a residence at Fleet Landing on October 22, 2012; that Defendant then wired $254,962.50 from her Swiss bank accounts to pay the entrance fee, and made 25 monthly payments of $4,611 (totaling $115,275) from those accounts between November 2012 and November 2014; and that Defendant and Mr. Willingham failed to disclose these actions in the Bankruptcy Case even though the Swiss accounts were the subject of a motion for turnover of property. (*Id.* at 22–23.) Plaintiffs have pled the remaining categories of transfers in a similar

fashion.[7] (*See, e.g., id.* at 7–10, 23–25, 28–32.) Thus, the undersigned recommends that the transfers alleged are pled with the required particularity, especially in light of Defendant's failure to challenge any specific category of transfers.[8]

### B. The Substantive Arguments

Defendant also argues that the TAC should be dismissed with prejudice because all of Plaintiffs' claims are barred by: 1) a settlement in the Bankruptcy Case; 2) res judicata; and 3) the applicable statutes of limitations and repose. (*See* Doc. 106 at 11–20, 23–24.) However, Defendant has also filed a pending Motion for Summary Judgment (Doc. 128), which raises the same Substantive Arguments. (*See id.* at 8–15.) Additionally, Defendant has purported to incorporate by reference the instant Motion in its entirety into the pending Motion for Summary Judgment.[9] (*Id.* at 8.) Thus, the undersigned recommends that the Substantive Arguments be addressed on a more complete record in the context of the Motion for Summary Judgment.

When the same arguments are raised in a pending motion to dismiss and a

---

[7] Additionally, Plaintiffs filed a RICO Case Statement which provides additional detail regarding specific transfers. (Doc. 14-1.)

[8] Additionally, Plaintiffs' categorical pleading is appropriate given the large number of transfers and the lengthy time period at issue, as well as the Court's previous conclusion that the SAC was an unwieldy pleading that did not comply with Rule 8. (Docs. 79 & 102.)

[9] The undersigned takes no position on whether this is appropriate. However, it would result in the 25-page Motion for Summary Judgment exceeding the page limit set forth in Local Rule 3.01(a).

pending motion for summary judgment, several district courts within the Eleventh Circuit have concluded that it is appropriate to address the arguments in the context of the summary judgment motion. *See, e.g.*, *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se., LLC*, Case No. 3:13-cv-306-J-34JRK, 2016 WL 128561, at *8 (M.D. Fla. Jan. 12, 2016) ("[B]ecause the matter of Cableview-Jax's standing is raised and fully briefed on summary judgment, the Court finds it appropriate to address these arguments in that context."); *Sentinel Capital Orlando, LLC v. Centennial Bank*, Case No. 6:12-cv-785-Orl-40GKJ (Doc. 135) (M.D. Fla. Sept. 13, 2013) ("Review of the motion to dismiss and motion for summary judgment indicates that Defendant . . . raises the same argument in the motions. It would appear, therefore, that Defendant['s] . . . argument may be considered in the disposition of its motion for summary judgment and thereby render the motion to dismiss moot."); *Riggins v. Polk Cty.*, Case No. 8:12-cv-1755-T-17TBM, 2014 WL 3900264, at *7 (M.D. Fla. Aug. 8, 2014) ("Since Defendant has incorporated Defendant's Motion to Dismiss into Defendant's Motion for Summary Judgment by reference, the Court denies the Motion to Dismiss without prejudice, and will consider the issue in the context of Defendant's Motion for Summary Judgment."); *Bailey v. Dept. of Corr.*, Case No. 3:07cv324/MCR, 2008 WL 2946065, at *1 (N.D. Fla. July 23, 2008) ("Because defendant also seeks dismissal of Count IV in its motion for summary judgment, for reasons of judicial economy the court will deny the motion to dismiss as to Count IV without prejudice."); *Bryson v. Berges*, Case No.

11

14-62323-CIV-COHN/SELTZER, 2015 WL 5000850, at *3 n.4 (S.D. Fla. Aug. 24, 2015) ("Because it raises substantially the same issues and relies on a more fully developed record, Defendants' later-filed Motion for Summary Judgment supersedes their Motion to Dismiss.").

Additionally, the Substantive Arguments appear to rely, to an extent, on matters beyond the pleadings (e.g., what happened in the Bankruptcy Case) and may raise factual issues regarding the applicable statutes of limitations. (*See* Doc. 106 at 11–20, 23–24; Doc. 116 at 13 n.9.) Because discovery has ended, and the Motion for Summary Judgment and Response thereto (Doc. 133) addressing the Substantive Arguments have already been filed, no party will be prejudiced if these arguments are addressed in connection with the Motion for Summary Judgment.

V. **Conclusion**

The undersigned recommends that the TAC is sufficiently pled, and that the Substantive Arguments be addressed in connection with the pending Motion for Summary Judgment.

Accordingly, it is respectfully **RECOMMENDED** that:

The Motion (**Doc. 106**) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, on May 17, 2017.

*Joel B. Toomey*

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record